**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CASE NO. 5:10-CR-00018-RLV-DSC-1**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| DANIEL EUGENE STURGIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Crack Cocaine Guideline Amendment 750, and *Dorsey v. United States*, 132 S. Ct. 2321 (2012). (Doc. 31.)

Defendant Sturgis was indicted on April 20, 2010, and charged with possessing with intent to distribute powder and crack cocaine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)–(C), and 844, and with possession of a firearm as a convicted felon and in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A). (Doc. 1.) Defendant thereafter pled guilty to Count One, admitting knowing and intentional possession with intent to distribute five grams or more of cocaine base, and the Government moved that the remaining counts be dismissed. (Docs. 15, 16.)

On August 3, 2010—before Defendant was sentenced—the Fair Sentencing Act ("FSA") took effect and lowered the statutory mandatory minimums applicable to crack-cocaine offenses; the amount of crack required to trigger the five-year mandatory minimum was increased from five to twenty-eight grams, and the amount required to trigger the ten-year mandatory minimum was increased from fifty to 280 grams. However, Congress did not explicitly say whether the

1

FSA should apply to those yet unsentenced and whose crimes predated the law's passage. Sentencing Defendant on April 4, 2011, the Court applied the 1986 Drug Act's old minimum of sixty months, impliedly holding that the FSA's lower minimums apply only to those who had committed a drug crime after the FSA became effective. (Docs. 24, 25.)

On June 21, 2012, the Supreme Court issued its *Dorsey* opinion, holding that the FSA's lower mandatory-minimum penalties apply to those offenders whose crimes preceded the effective date of the Act but who were sentenced after that date. Pursuant to *Dorsey*, the Court at sentencing should have instead applied no mandatory minimum, as set forth in the FSA. However, a section 2255 motion is the proper vehicle for Defendant Redfear to challenge his sentence.

Were it not for the fact that Defendant was originally sentenced in light of a statutory minimum that trumped his calculated range of thirty to thirty-seven months, this Court would have jurisdiction to reduce his sentence through section 3582(c)(2). However, correction of a sentence originally based upon a statutory minimum, albeit an incorrect one, is not cognizable in a section 3582(c)(2) proceeding.[1] In *Dillon v. United States*, 130 S. Ct. 2683 (2010), the Supreme Court observed that Section 1B1.10 of the Sentencing Guidelines "instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all

---

[1] 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed, except that
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

2

other guideline application decisions unaffected.'" *Id.* at 2697 (quoting U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2009)). The effect of an applicable statutory minimum on a sentencing guideline range is such a "guideline application decision" that cannot be revisited per section 3582(c)(2). Therefore, the Court holds that it cannot reduce Defendant's term of imprisonment without first vacating the previously imposed mandatory minimum sentence—an undertaking beyond the scope of a section 3582(c)(2) proceeding.

However, while *Dorsey* does not grant Defendant relief by way of section 3582(c)(2), such relief may be obtained via a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Indeed, the Court would be inclined to grant such a motion, vacate Defendant's sentence, and re-sentence Defendant to a thirty-seven-month term of imprisonment, as recommended within the Supplement to the Presentence Investigation Report. (Doc. 29.)

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 31) be **DENIED**. Defendant has the opportunity to file a section 2255 motion, including all grounds he wishes to raise, keeping in mind that several consequences result from the filing and consideration on the merits of a section 2255 motion. *Castro v. United States*, 540 U.S. 375, 377 (2003).

Signed: May 20, 2014

Richard L. Voorhees
United States District Judge